## 63822. BRIGHT v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of burglary and now raises as his enumerations of error the denial of his motion for new trial and the admission of the testimony of a state's witness who had violated the rule of sequestration.

1. "In criminal cases, the violation of the rule of sequestration by *any* witness either for the defense or for the prosecution goes to the credibility rather than to the admissibility of the witness' testimony. [Cits.]" *Blanchard v. State,* 247 Ga. 415 (1) (276 SE2d 593). Thus, the

trial court did not err in permitting the witness to testify.

2. In his motion for new trial, appellant raised the general grounds as well as the sequestration violation discussed above. Inasmuch as both burglary victims positively identified appellant as the man they encountered in their home while he was carrying their portable television and other merchandise, the jury was authorized to find appellant guilty of burglary beyond a reasonable doubt (Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)), and the trial court's denial of the motion for new trial was not error.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED JUNE 18, 1982.

*Stephen E. Curry,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Laurence G. Schmidt, George N. Guest, Assistant District Attorneys,* for appellee.